Michelle R. Matheson  #019568
**MATHESON & MATHESON, P.L.C.**
15300 North 90th Street
Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
dmatheson@mathesonlegal.com
Attorney for Plaintiff Burke

# IN IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John P. Burke, an individual, | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Mayo Hotel Management, LLC, an Arizona limited liability corporation; and Rajendra G. Idnani, an individual, | (Jury Trial Requested ) |
| Defendants. | |

Plaintiff John "Jack" Burke, for his Complaint, alleges as follows:

1.      Plaintiff Jack Burke ("Burke" or "Plaintiff") is currently and at all times relevant to this action a resident of Yavapai County, Arizona.  During the three year period prior to the filing of this Complaint (the "Claim Period"), Burke performed labor services for Defendants but was not compensated appropriately under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "FLSA").

/ / /

2.      The events giving rise to this cause of action occurred, at least in part, in Yavapai County.

3.      This Court has jurisdiction and venue over the subject matter and the parties hereto pursuant to 28 U.S.C. §§1331, 1367 and 1391(b).

4.      Plaintiff began working for Defendants in October 2011. Although Defendants initially characterized Plaintiff's services as that of an "independent contractor," Plaintiff was in fact Defendants' "employee engaged in commerce or in the production of goods for commerce" as that term is under the FLSA.

5.      Defendant Mayo Hotel Management, LLC ("MHM") is an Arizona corporation registered to do business in Arizona and at all times relevant to this Complaint was doing business in Yavapai County, Arizona.

6.      At all times during the Claim Period Defendant MHM was a covered "Enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by the FLSA. Upon information and belief, during the Claim Period Defendant MHM's annual gross volume of sales or business done exceeded $500,000.00.

7.      Defendant Rajendra "Raj" G. Idnani is the President and Member-Manager of MHM.  In his capacity as President and Member-Manager of MHM, Defendant Raj Idnani exercised significant economic control over MHM and participated in the decision to deny Plaintiff overtime compensation due to him in violation of the FLSA.

**COUNT ONE**
**(Failure to Properly Pay Overtime Wages in Violation of the**
**Fair Labor Standards Act, 29 U.S.C. §§ 201-219)**

8.     Plaintiff incorporates by reference the allegations above.  In support of his Complaint for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 he further alleges as follows:

9.     During the Claim Period, Plaintiff was employed by Defendants as a hospitality services employee.  Plaintiff's primary job duties were non-exempt in nature, and consisted of providing hospitality services and physical labor, including: concierge services; answering telephones; greeting guests; painting; laundry; housekeeping and other maintenance duties.  At all times relevant to this action, Plaintiff was a covered "employee" and Defendants were Plaintiff's "employer" as those terms are defined by the FLSA.

10.     Plaintiff was often required to work in excess of 40 hours per week during his employment with Defendants.  From October 2011 until March 2012 Plaintiff was incorrectly classified as an independent contractor and received a base salary for his services. During this time period he received no additional compensation for time worked in excess of 40 hours per week in violation of the FLSA. From March 2012 until his termination in November 2013, Plaintiff was paid a regular hourly rate of $10.00 an hour for his services. Although Plaintiff did receive some overtime pay between March 2012 and November 2013, the amount received was the same each pay period and did not accurately compensate him for all overtime hours worked.

11.     Defendants knew that they were subject to the requirements of the FLSA.

12     Defendants knew or showed reckless disregard that the duties performed by Plaintiff were non-exempt duties under the FLSA and that Plaintiff was therefore entitled to premium overtime compensation for all hours worked over 40 in any workweek.

13.     Defendants intentionally, willfully and improperly failed to pay overtime wages to Plaintiff during his employment, in violation of the FLSA.

14.     Plaintiff has suffered economic damages as a result of Defendants' unlawful compensation practices and is entitled to statutory remedies provided pursuant to the FLSA, including but not limited to, unpaid overtime compensation, liquidated damages, pre and post judgment interest, attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

## REQUESTED RELIEF

WHEREFORE, Plaintiff requests:

A.     For the Court to declare and find that the Defendants violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages to Plaintiff.

B.     For the Court to award damages, including liquidated damages pursuant to

4

29 U.S.C. § 216(b);

C.   For the Court to declare and find that the Defendants willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

D.   For the Court to award Plaintiff his reasonable attorneys' fees and costs;

E.   For the Court to award pre-judgment interest on all compensation due, accruing from the date such amounts were due, and post-judgment interest; and

F.   For the Court to award such other monetary, injunctive, equitable and declaratory relief as the Court deems just and proper.

DATED this 6th day of December, 2013.

MATHESON & MATHESON, P.L.C.

By: _____
Michelle R. Matheson, #019568
Attorney for Plaintiff Burke